**Russell Seth MYERS, Jr., Appellant,**

v.

**Norma Ruth MYERS, Appellee.**

**No. 888.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

John H. Holloway, Houston, for appellant.

Jesse A. Pardue, Larry Emerson, Houston, for appellee.

TUNKS, Chief Justice.

This is a divorce case. The trial court, after a non-jury trial, rendered judgment granting the plaintiff wife a divorce, awarding custody of the children, ordering child support, and awarding to the wife, for the use and benefit of her attorneys, the sum of $20,000 as attorneys' fees. The wife, against the advice of her attorneys,

had executed a proposed property settlement agreement with the husband. The trial judge refused to approve the property settlement agreement, though requested to do so by both the husband and the wife. The judgment that was rendered specifically recited the judge's refusal to approve that agreement. The husband appealed.

Appellant is complaining in this appeal of the trial court's award of the attorneys' fees and its failure to approve and incorporate into the judgment the proposed property settlement agreement.

■ Appellant urges this Court to disregard the long line of cases which holds that the wife may recover her attorney's fees, on the theory that such are necessaries, providing she has acted in good faith and upon probable cause. Sailes v. Sailes, 394 S.W.2d 248 (Tex.Civ.App.—Beaumont 1965, no writ); Earnest v. Earnest, 223 S.W.2d 681 (Tex.Civ.App.—Amarillo 1949, no writ). We follow these cases and hold that in a divorce action a trial court may properly award attorney's fees to the wife.

■ Appellant asserts that the trial court erred in awarding appellee the fees of her two attorneys on the basis of the reasonable value of their services, because of a contingency fee contract between appellee and the attorneys. That contract provided in part as follows:

"In consideration of his services rendered, and to be rendered in the prosecution of my suit, I have agreed, and by this contract do hereby agree, as follows:

1. To assign to Mr. Pardue, my attorney, all sums recovered by me in the divorce action from Mr. Myers for attorney's fees as well as all sums adjudged against him for costs of court expended on my behalf in this suit.

2. To assign and convey to my said attorney 15% interest in and to all recovery for me of monies, real proper-

ty, and other property, wherever located, save and except such percentage shall not apply to the residence property located at 7636 Glen Prairie Street, Houston, Texas 77017, and shall not apply to the household goods located in such residence. The percentage herein stipulated shall be paid whether such suit is settled on an amicable basis or whether it is determined by trial in the Court."

In this case there has been no division of the community property. Also, there was no effective property settlement agreement. The proposed property settlement agreement which was executed by the appellant and appellee provided: "This agreement shall be binding and of legal effect when it is approved by the Court and the divorce granted." Since the contract was expressly conditioned upon the approval of the trial court (which was never received), it never became binding. Therefore, it was proper for the trial court to award appellee attorneys' fees on the basis of the reasonable value of their services.

■ Appellant next contends that there was no evidence to support the court's finding that the attorneys' fees were necessary. He also argues that such finding was so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellee testified that she had been quite ill. There was a disagreement whether certain properties were to be characterized as community or separate. There was a large amount of real estate, and corporate securities were involved. There was an indication of possible concealment of community property. There was sufficient evidence to support the trial court's finding that it was necessary for appellee to hire attorneys to represent her in the divorce action.

■ Appellant further contends that there was insufficient evidence that the amount of the attorneys' fees, $20,000, was reasonable, and contends that such amount is unreasonable as a matter of law. We

cannot agree with this contention. In Chapman v. Chapman, 172 S.W.2d 127, 129 (Tex.Civ.App.—Fort Worth 1943, writ dism'd), the Court stated:

"The test is not what fee we would allow if the matter had originally been submitted to us, but what the evidence will justify, viewing it in the light, as we must now do, most favorable to the party who prevailed in the trial court."

Appellee's attorneys in this case testified at length as to the various services they had rendered. They had classified all of the time they had spent on this matter according to the particular work they had done. Viewing the evidence in the most favorable light, we find that there was sufficient evidence that $20,000 was a reasonable fee.

■ The appellant's final point of error is:

"The Court erred, and abused its discretion, in refusing to incorporate the property settlement agreement in the judgment or judicially divide the property in the final divorce decree as a consent judgment under a property settlement agreement so as to settle the parties property rights and to prevent multiplicity of suits."

Under the proposed property settlement the wife was to receive $25,000 in cash, an automobile worth $2,000, the equity in a residence, and household furnishings. The value of the last two of those items is not clearly shown, but the record permits a conclusion that the total value of that portion of the community estate would not exceed $40,000.

The record also sustains a finding that the appellant and his father vigorously and successfully resisted efforts on the part of the wife's attorneys to discover the true nature and extent of the community estate. The culmination of their efforts in this regard was in their procurement from the wife of a request to the judge that her attorneys' discovery procedures be stopped.

The persuasion by which the husband and his father procured such request from the wife was, at least, subject to suspicion. The record also permits a conclusion that the community estate is of such value that the amount proposed to be given to the wife under the agreement would be grossly unfair to her. However, there was not presented to the trial judge such probative evidence as to the nature and extent of the community estate as would have permitted a judicial determination of a fair and proper division of it between the spouses. Under the circumstances the trial judge was amply justified in refusing to place a stamp of approval upon the parties' proposed property settlement agreement. Rather, the trial judge, as recited in conclusions of law, properly left the husband and wife in the status of tenants in common as to their community property.

The judgment of the trial court is affirmed.