Russell Seth MYERS, Jr., Appellant,

v.

Norma Ruth MYERS, Appellee.

No. 16403.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 10, 1974.

Rehearing Denied Nov. 7, 1974.

John H. Holloway, Houston, for appellant.

Jesse A. Pardue, Larry Emerson, Houston, for appellee.

PEDEN, Justice.

In a divorce decree that terminated the marriage of Russell Seth Myers, Jr. and Norma Ruth Myers, the trial court awarded to Mrs. Myers $20,000 as attorneys' fees for the use and benefit of her attorneys, Mr. Jesse A. Pardue and Mr. Larry Emerson. On appeal the award of attorneys' fees was affirmed by the Fourteenth Court of Civil Appeals in Myers v. Myers, 503 S.W.2d 404 (Tex.Civ.App.1973, writ dism. w. o. j.), and a mandate was issued on May 3, 1974.

On April 30, 1974 Norma Ruth Myers appears to have executed a release of judgment purporting to discharge Russell Seth Myers' obligation to pay the attorneys' fees. Three days later, on motion of Mr. Pardue and Mr. Emerson, the trial court ordered the district clerk to pay them $20,000 plus interest at the rate of six percent per annum from April 5, 1973 and all court costs out of cash deposited as a supersedeas bond filed by Russell Myers on August 15, 1973. Russell Myers complains of the order by his "Appellant's Brief or Petition for Mandamus."

Mr. Pardue and Mr. Emerson have filed a motion to dismiss the appeal and briefs in response to the appellant's "appeal or mandamus."

We sustain the motion to dismiss the appeal.

When an appellate court affirms a judgment, upon issuance of its mandate the trial court has the duty to give effect to the judgment by executing proper orders. 4 Tex.Jur.2d Rev. Part 2 Appeal and Error § 985; Uvalde Paving Co. v. Brooks, 86 S.W.2d 49 (Tex.Civ.App.1935, no writ).

When an appellate court renders a judgment in a case the district court has no jurisdiction to review, interpret or enforce it. It must observe and carry out the mandate of the appellate court. Its orders carrying out the mandate are ministerial. Conley v. Anderson, 164 S.W. 985 (Tex.1913); Cattlemen's Trust Co. v. Willis, 179 S.W. 1115, 1117 (Tex.Civ.App.1915, no writ). The court's order to pay the judgment out of funds deposited pursuant to a supersedeas bond was ancillary to the cause on the merits. It was not a final judgment for purposes of appeal. Rule 301, Texas Rules of Civil Procedure.

The supersedeas bond provided that in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against Russell Myers, Jr., if he shall perform its judgment, sentence, or decree, and pay all such damages as said Court may award against him, then the supersedeas bond shall be void; otherwise to remain in full force.

In his brief Mr. Myers states that if his appeal "is an incorrect legal remedy, then he files this brief as a petition for writ of mandamus to the Honorable Ruby Sondock, Judge . . . to set aside the void order to distribute the funds directly to the attorneys involved in denial of the constitutional rights of Russell Seth Myers, Jr. under both the State and Federal Constitutions, and because of lack of jurisdiction of the Court since the order was entered following any time limits which permitted the Court to exercise jurisdiction over its previous judgment."

There are several reasons why we must deny the prayer for mandamus. Mr. Myers has not filed a motion for leave to file his petition seeking to institute in this court the original proceeding of mandamus as required by Rule 383, Texas Rules of

Civil Procedure. Wolf v. Young, 275 S. W.2d 741 (Tex.Civ.App.1955, no writ).

For a more basic reason, we must deny mandamus because this court has no jurisdiction over the subject matter under either Article 1823 or Article 1824, Vernon's Ann.Texas Civil Statutes, the statutes which define our original jurisdiction; the relief sought is not necessary to enforce our jurisdiction nor is it an effort to compel a trial judge to proceed to trial and judgment in any cause.

Further, Mr. Myers states in his brief that the district clerk has carried out the trial judge's order, so the matter is moot.

In Jacks v. Teague, 136 S.W.2d 896 (Tex.Civ.App.1940, err. dism.), it was held in a divorce case that the plaintiff's petition asking that she recover from the defendant her attorney's fees for the use and benefit of her attorney and the judgment of the court awarding a specific sum to him are tantamount to an investiture of title and ownership of the attorney's fee awarded, and reserve to the attorney the paramount right of enforcement.

We grant the motion of Mr. Pardue and Mr. Emerson to dismiss the appeal and deny writ of mandamus.