Dismissed and Memorandum Opinion filed May 19, 2005









Dismissed and Memorandum Opinion filed May 19, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00527-CV

____________

 

GERMANIA FARM
MUTUAL INSURANCE ASSOCIATION, Appellant

 

V.

 

DWIGHT SCHILD AND
CINDY SCHILD,
Appellees

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 02-30963

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Germania Farm Mutual Insurance
Association, appeals from the trial court’s order awarding costs to appellees,
Dwight Schild and Cindy Schild.  In its
first issue, Germania claims this order is void because the trial court signed
it after its plenary power had expired. 
We agree and therefore dismiss this appeal for want of jurisdiction.[1]








The Schilds sued TWV, Inc., claiming
personal injuries and property damage from mold contamination and water damage
caused by TWV’s improper air conditioner installation.  Germania, the Schilds’ homeowner’s insurance
carrier, paid the Schilds’ claim and became subrogated to the Schilds’ claims
against TWV.  After the Schilds,
Germania, and TWV settled, the Schilds’ attorneys filed a motion for attorneys’
fees, seeking to be paid from Germania’s subrogation recovery.  An oral hearing was held on the motion on
August 23, 2003, but the trial court never ruled on the motion.  On October 27, 2003, the trial court signed
an order dismissing the lawsuit for want of prosecution.  On March 2, 2004, the Schilds’ attorneys
submitted a proposed order denying the request for attorneys’ fees but awarding
costs.  Germania objected to the proposed
order, noting that the trial court had lost jurisdiction to rule on the motion,
but the trial court signed the proposed order on March 5, 2004.  Germania filed a motion for new trial, again
complaining that the trial court lacked jurisdiction to sign the order.  After the motion was overruled by operation
of law, Germania  appealed, seeking to
have the order declared void.








Rule 165a of the Texas Rules of Civil
Procedure governs dismissals for want of prosecution.  Unless a verified motion to reinstate is
filed, the trial court’s plenary jurisdiction expires thirty days after the
date on which it signed the final order of dismissal.  Tex.
R. Civ. P. 165a(3); 3V, Inc. v. JTS Enters., Inc., 40 S.W.3d 533,
538 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  No motion to reinstate was filed in this
case, and therefore the trial court’s plenary power expired thirty days after
it signed the dismissal order on October 27, 2003.  The trial court had no jurisdiction to rule
on the attorneys’ fees motion on March 5, 2004, which was over 120 days after
signing the dismissal order.  See
Harris County Children’s Protective Servs. v. Olvera, 971 S.W.2d 172, 175
(Tex. App.—Houston [14th Dist.] 1998, pet. denied) (“Once it lost its plenary
power over the issue, the trial court no longer had jurisdiction to award
attorney’s fees.”).  “Judicial action
taken after the court’s jurisdiction over a cause has expired is a nullity,”
and thus the trial court’s order on the attorneys’ fees motion is void.  State ex rel. Latty v. Owens, 907
S.W.2d 484, 486 (Tex. 1995).  Because we
conclude the trial court had no jurisdiction to sign the order on the attorneys’
fees motion, we sustain Germania’s first issue and dismiss this appeal for lack
of jurisdiction.  Id.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 19, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Because we
sustain Germania’s first issue, we need not address its other two issues, which
challenge the trial court’s order awarding costs on other grounds.