NO. 07-06-0261-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 27, 2006



______________________________



IN RE JEFFREY D. CALVERT


_________________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Relator Jeffrey D. Calvert, an inmate appearing pro se, seeks a writ of mandamus
compelling the trial court to act on a letter of inquiry sent to Diane Hoefling in regards to a
Motion for Nunc Pro Tunc. However, as is the case with any mandamus proceeding, the
relator has the burden to provide a record sufficient to establish his right to mandamus
relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); Tex. R. App.
P. 52.7(a)(1) (relator must file with his petition a copy of every document that is material
to his claim for relief and that was filed in any underlying proceeding). In this case, Calvert
has not provided a mandamus record sufficient to establish his right to the relief requested
or even the type of relief being sought. Calvert's petition is not accompanied by copies of
the original judgment, the nunc pro tunc motion mentioned in his petition for mandamus,
or the alleged nunc pro tunc order entered by the trial court. Accordingly, the petition for
a writ of mandamus is denied.



 Mackey K. Hancock

 Justice



rey Donald Gurney
and Alicia Munoz Gurney are respondents. By her emergency motion for temporary relief,
relator Ashley Gutierrez, the natural mother of Savannah Sierra Gutierrez, requests that
this Court order the hearing set for Friday, August 27, 2004, at 1:30 p.m. before the
Honorable James Anderson, Judge of the County Court at Law in and for Randall County,
Texas, be stayed. 

 The motion for emergency relief is denied; however, counsel for Jeffrey Donald
Gurney and Alicia Munoz Gurney are directed to file responses to the petition for writ of
mandamus and petition for writ of prohibition no later than Thursday, September 2, 2004. 
This order is subject to further orders of the Court. 

 It is so ordered.

 Per Curiam





1. See Harris County Children's v. Olvera, 971 S.W.2d 172 (Tex.App.-Houston 14th
Dist. 1998) holding when an appellate court renders a judgment in a case, the district court
has no jurisdiction to review, interpret or enforce it. It must observe and carry out the
mandate of the appellate court.