**Trial Court Order Vacated, Appeal Dismissed, and Memorandum Opinion filed March 28, 2013.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00123-CV

---

**PARTNERS IN BUILDING, L.P., Appellant**

**V.**

**DARLEEN EURE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 918729**

---

## MEMORANDUM OPINION

A plaintiff asserted a claim against the defendant for breach of a settlement agreement.  The trial court rendered judgment in the plaintiff's favor for contract

damages, attorney's fees for services through judgment in the trial court, and costs. The plaintiff did not seek and did not receive any appellate attorney's fees. After the defendant appealed, this court affirmed the trial court's judgment and awarded the plaintiff "all costs incurred in this appeal." This court neither awarded the plaintiff any attorney's fees, nor remanded the case to the trial court. After this court issued its mandate, the trial court issued an order awarding the plaintiff reasonable attorney's fees for the prior appeal in this case, additional costs, and attorney's fees incurred in seeking this award in the trial court. When the trial court issued this order, it no longer had plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment, and this court's judgment and mandate in the first appeal did not remand this case to the trial court. Because the trial court lacked jurisdiction to issue this order, we vacate the order and dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2008, appellee Darleen Eure brought suit against appellant Partners in Building, L.P., asserting the formation of a settlement agreement and seeking $12,000 for its breach. Following a bench trial, the trial court found the parties had formed an agreement and that Partners in Building had breached the agreement. The trial court rendered a final judgment in favor of Eure, awarding $12,000 in damages, reasonable attorney's fees for services through judgment in the trial court, and costs. Eure did not seek an award of appellate attorney's fees, and the trial court did not award Eure any appellate attorney's fees in its judgment. Eure did not appeal the trial court's judgment, but Partners in Building did appeal. On appeal, this court affirmed the trial court's judgment. *See Partners in Building, L.P. v. Eure*, No. 14-09-00962-CV, 2011 WL 1123644, at *6 (Tex. App.—Houston [14th Dist.] Mar. 29, 2011, no pet.) (mem. op.) ("First Appeal"). In its

2

March 29, 2011 judgment, this court, in addition to affirming the trial court's judgment, ordered Partners in Building "to pay all costs incurred in this appeal."

On June 10, 2011, the clerk of this court issued this court's mandate in the First Appeal. After the mandate issued, Eure filed a "Motion to Enforce Final Judgment" in the trial court under the same trial court cause number from which the First Appeal was taken. In this motion, Eure noted that this court had issued its mandate and that this court had ordered Partners in Building "to pay all costs incurred in this appeal." Eure asserted that the costs incurred in the First Appeal included Eure's appellate attorney's fees incurred in the First Appeal. Among other relief, Eure sought an order awarding her these fees, other costs, and attorney's fees for preparing and asserting the motion to enforce. On October 10, 2011, the trial court signed an order granting Eure's motion in part ("Order"). In the Order, the trial court stated that "subsequent to and in addition to the Judgment rendered by this court in this matter on October 9, 2009, [Eure] is awarded and shall recover from [Partners in Building] reasonable attorney's fees incurred to successfully defend appeal [sic] in this matter of $5,200 and costs of $1,256.76, for which let execution issue." In the Order, the trial court also stated that "subsequent to and in addition to the Judgment rendered by this court in this matter on October 9, 2009, [Eure] is awarded and shall recover from [Partners in Building] reasonable attorney's fees incurred to bring her Motion to Enforce Judgment in this matter of $750.00, for which let execution issue."

## II. ISSUE AND ANALYSIS

In its first appellate issue, Partners in Building asserts the trial court lacked authority to issue the Order. Even if Partners in Building had not raised this issue, we would inquire sua sponte into whether the trial court had jurisdiction to render

3

the Order because lack of jurisdiction in the trial court would deprive this court of jurisdiction. *See Rabb Intern., Inc. v. SHL Thai Food Service, LLC*, 346 S.W.3d 208, 210 n.1 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating that this court may sua sponte inquire into whether it has jurisdiction over a pending appeal).

In this case, Eure successfully asserted a breach-of-contract claim and obtained reasonable attorney's fees for services through judgment in the trial court under Texas Civil Practice and Remedies Code section 38.001. *See* Tex. Civ. Prac. & Rem. Code Ann. §38.001 (West 2013). Eure asserts that attorney's fees under this statute may be taxed as costs of court. Under the unambiguous statutory language, reasonable attorney's fees awarded under this statute are not taxed as costs of court. *See id.* (stating that "[a] person may recover reasonable attorney's fees from an individual or corporation, *in addition to the amount of* a valid claim and *costs*, if the claim is for [certain types of claims]") (emphasis added). Therefore, any post-judgment attorney's fees that Eure might recover under section 38.001 would not be taxed as costs of court. *See id.*

At trial, Eure did not submit proof regarding reasonable attorney's fees for appeal, nor did she request such fees from the trial court. In certain cases involving attorney's fees taxed as costs of court, a claimant is not required to prove the amount of her reasonable appellate attorney's fees in the trial court. *See Cahill v. Lyda*, 826 S.W.2d 932, 932–33 (Tex. 1992) (per curiam). In these cases, a request for such fees may be made on appeal, and, if the appellate court decides that fees should be awarded, the appellate court may remand the issue of the amount of reasonable appellate fees to the trial court for determination. *See id.*; *Garza v. Slaughter*, 331 S.W.3d 43, 49 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Attorney's fees awarded under section 38.001 are not taxed as costs of court,

4

and therefore Eure's request for post-judgment and appellate attorney's fees under this statute does not fall within the foregoing rule.[1]  As to such fee requests, Eure was required to prove the reasonable amount of such fees during the trial of this case in 2009, and Eure's failure to prove these fees at trial prevents her from recovering any fees in this regard.  *See Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007) (per curiam); *Kurtz v. Kurtz*,  No. 14-08-00351-CV, 2010 WL 1293769, at *8–11 (Tex. App.—Houston [14th Dist.] Apr. 6, 2010, no pet.) (mem. op.).

More fundamentally, on June 10, 2011, when the clerk of this court issued this court's mandate in the First Appeal, the trial court had lost its plenary power to grant a new trial or to vacate, modify, correct or reform the judgment.  *See* Tex. R. Civ. P. 329b(d); *Harris County Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  In addition, the trial court did not have any authority to conduct a new trial or to vacate, modify, correct, or reform the judgment based upon this court's appellate judgment, in which this court affirmed the trial court's judgment without remanding any issue to the trial court.  *See Olvera*, 971 S.W.2d at 175–76.  In this context, the trial court still has jurisdiction to issue orders regarding enforcement of the judgment, but the trial court lacks jurisdiction to render orders that materially change the relief awarded in the judgment.[2]  *See In re Akin Gump Strauss Hauer & Feld, LLP*, 252

---

[1] Even if Eure's request were within the scope this rule, for this rule to provide a basis for jurisdiction in the trial court to determine the amount of post-judgment or appellate fees to award Eure, it would have been necessary for this court to have remanded this issue to the trial court in the First Appeal.  *See Harris County Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175–76 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  But, in the First Appeal, this court affirmed the trial court's judgment in its entirety and did not remand any issue to the trial court.

[2] In some circumstances, a trial court may modify a judgment granting injunctive relief based upon changed conditions, but the judgment in the case under review does not contain any

S.W.3d 480, 493 n.20 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *Olvera*, 971 S.W.2d at 175–76; *Harris County Appraisal Dist. v. West*, 708 S.W.2d 893, 896–97 (Tex. App.—Houston [14th Dist.] 1986, no writ). In the Order, the trial court expressly stated that the amounts it awarded to Eure were "subsequent to and in addition to the Judgment rendered by this court in this matter on October 9, 2009." Though purporting to enforce the judgment, in the Order, the trial court materially changed the relief awarded in the judgment by adding awards of attorney's fees and costs that were not awarded in the judgment. In addition, on June 10, 2011, the clerk of this court issued the bill of costs, in which no attorney's fees were taxed as costs. Any dispute as to the amount of the bill of costs must be litigated in this court, and the trial court has no authority to adjudicate disputes as to whether an incorrect amount of court costs were taxed on appeal.[3] *See Malekzadeh v. Malekzadeh*, Nos. 14-05-00113-CV, 14-06-00341-CV, 2007 WL 1892233, at *8 (Tex. App.—Houston [14th Dist.] Jul. 3, 2007, pet. denied) (mem. op.).

For the foregoing reasons, we conclude that the trial court lacked jurisdiction to render the Order.[4] *See In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d at 493 n.20; *Malekzadeh*, 2007 WL 1892233, at *8; *Olvera*, 971 S.W.2d at

---

injunctive relief. *See Harris County Appraisal Dist. v. West*, 708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, no writ).

[3] In the First Appeal, Eure filed a motion requesting that this court award her appellate fees as costs. This court denied the motion. Eure filed another motion requesting this relief before this court issued its opinion and judgment. Though this court did not expressly rule on the second motion, the relief requested in the motion was not granted in this court's opinion or judgment. After this court issued the opinion and judgment in the First Appeal, Eure filed a motion requesting that this court clarify its judgment and award her these fees as costs. This court denied the motion.

[4] Because the trial court lacks such jurisdiction, we deny as moot Eure's "Motion to Sever and Remand," in which she requests a remand to the trial court.

175–76; *West*, 708 S.W.2d at 896–97. The proper disposition is to vacate the trial court's order and dismiss the appeal. *See In re C.N.*, 313 S.W.3d 490, 491–93 (Tex. App.—Dallas 2010, no pet.) (vacating order that trial court lacked jurisdiction to render and dismissing appeal); *Gantt v. Gantt*, 208 S.W.3d 27, 31 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (same as *In re C.N.*); *Commission for Lawyer Discipline v. Denisco*, 132 S.W.3d 211, 217 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (same as *In re C.N.*). Accordingly, the Order is vacated, and this appeal is dismissed.

/s/    Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison.