# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00178-CV

**Eugene Albert Beyer, Appellant**

**v.**

**Phyllis Arlene Beyer, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 04-1155, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is the second appeal in this case. In the previous appeal, this Court reversed the trial court's judgment with respect to the percentage of military-retirement benefits awarded to appellee Phyllis Arlene Beyer ("Ms. Beyer") in a divorce proceeding between her and appellant Eugene Albert Beyer ("Mr. Beyer") and rendered judgment awarding Ms. Beyer a greater percentage of the benefits. In an attempt to enforce this Court's judgment after Ms. Beyer moved the trial court to do so, the trial court entered two orders changing the percentage of retirement benefits awarded to Ms. Beyer to make the percentage consistent with this Court's mandate. In two issues, Mr. Beyer appeals from the trial court's orders, contending that the trial court erred in (1) awarding a greater percentage of retirement benefits to Ms. Beyer pursuant to this Court's mandate, and (2) ordering Mr. Beyer to pay the cost of maintaining Ms. Beyer's beneficiary status under the Armed Services Survivor Benefit Plan. We will affirm the trial court's orders.

## BACKGROUND

The record shows that Mr. Beyer and Ms. Beyer divorced in 2006 after approximately forty-three years of marriage. At the close of the divorce proceedings, the trial court entered a Final Decree of Divorce and a Domestic Relations Order. The Domestic Relations Order ("the original order") awarded Ms. Beyer 34.5% of the military-retirement benefits accrued by Mr. Beyer due to his service in the military. Ms. Beyer appealed from the trial court's order, arguing to this Court that there was no evidence to support the percentage of retirement benefits awarded to her and that the correct percentage based on the evidence presented in the trial court was 42.085%. This Court agreed with Ms. Beyer, reversed the portion of the original order awarding 34.5% of the retirement benefits to Ms. Beyer, and rendered judgment that Ms. Beyer be awarded 42.085% of the retirement benefits. Mr. Beyer appealed to the Texas Supreme Court, which then denied review in 2010. This Court issued its mandate a short time later.

Approximately three years after mandate, Ms. Beyer filed a motion seeking orders enforcing this Court's ruling, and the trial court held a hearing on the motion. At the hearing, Ms. Beyer's counsel stated that the military office handling retirement benefits required a new domestic relations order to implement the change set forth in this Court's mandate. Ms. Beyer's counsel further stated that Mr. Beyer would not participate in an agreed order to effectuate the division of retirement benefits because he still did not agree with this Court's determination of the percentage awarded to Ms. Beyer. Accordingly, Ms. Beyer proposed that the trial court enter an Amended Domestic Relations Order ("the amended order") and a separate order designed to correct the percentage in the divorce decree. The trial court entered both orders, and Mr. Beyer filed this appeal.

2

## DISCUSSION

In his appeal, Mr. Beyer raises the same issue addressed in the first appeal to this Court—the percentage of military-retirement benefits awarded to Ms. Beyer—and then raises a second issue involving whether Ms. Beyer is required to pay the cost of maintaining her beneficiary status under the Armed Services Survivor Benefit Plan ("the SBP"). We will address each issue in turn below.

### *Percentage of Retirement Benefits Awarded to Ms. Beyer*

In the first appeal to this Court, we held that Ms. Beyer was entitled to 42.085% of the retirement benefits because the only evidence presented in the trial court regarding the proper division of the retirement benefits was Ms. Beyer's unchallenged testimony demonstrating that she was entitled to 42.085%. *Beyer v. Beyer*, No. 03-06-00803-CV, 2009 WL 2341857, at *3-4 (Tex. App.—Austin July 28, 2009, pet. denied) (mem. op.). After the Texas Supreme Court denied review, this Court issued its mandate, stating the following, in relevant part:

> THIS CAUSE came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment: IT IS THEREFORE considered, adjudged and ordered that the judgment of the trial court is reversed, and judgment is rendered that [Ms. Beyer] is awarded 42.085% of [Mr. Beyer's] military retirement benefits.

At the hearing below in which Ms. Beyer asked the trial court to enter orders implementing this Court's mandate, Mr. Beyer's attorney indicated that Mr. Beyer understood this Court's mandate but believed it was wrong and wanted to put on evidence regarding what he

3

believed was the correct percentage of retirement benefits to be awarded to Ms. Beyer. The trial court allowed Mr. Beyer to make an offer of proof, but the trial judge stated more than once that he believed the claim was precluded by this Court's judgment and that the doctrine of res judicata prevented Mr. Beyer from challenging the division of retirement benefits a second time. The trial judge signed both orders proposed by Ms. Beyer, stating that he was not going to take any actions other than those dictated in this Court's mandate.

The trial court acted properly in entering orders enforcing this Court's mandate. When an appellate court renders the judgment the trial court should have rendered, as happened here, that judgment becomes the judgment of both courts. *See Cook v. Cameron*, 733 S.W.2d 137, 139 (Tex. 1987) (op. on reh'g); *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). Upon the trial court's receipt of an appellate court's mandate, the trial court has a mandatory, ministerial duty to enforce the appellate court's judgment. Tex. R. App. P. 51.1(b); *Cook*, 733 S.W.2d at 139; *Cessna*, 345 S.W.3d at 144; *Harris Cnty. Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (upon issuance of appellate mandate, trial court has duty to give effect to judgment by executing proper orders). The trial court has no jurisdiction to review or interpret an appellate court's mandate; it must merely observe the mandate and carry it out. *Cessna*, 345 S.W.3d at 144; *Oualline v. Burns*, 321 S.W.3d 719, 722 (Tex. App.—Eastland 2010, pet. denied).

Ms. Beyer's counsel stated at the hearing that the military office handling retirement benefits required a new domestic relations order to implement the change in division of retirement benefits. Ms. Beyer's counsel further stated that the military office would not accept this Court's

mandate in lieu of an amended domestic relations order. In response, the trial judge signed the amended order and the additional order designed to correct the percentage in the parties' divorce decree. In doing so, the trial court acted properly in executing orders necessary to enforce this Court's mandate. Tex. R. App. P. 51.1(b); *Cook*, 733 S.W.2d at 139; *Cessna*, 345 S.W.3d at 144; *Olvera*, 971 S.W.2d at 175.

The trial court also correctly identified that any further challenge to or appeal of this issue was barred by res judicata. Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in a prior action. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Texas Gen. Indem. Co. v. Texas Workers' Comp. Comm'n*, 36 S.W.3d 635, 638 (Tex. App.—Austin 2000, no pet.). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties in each action; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

All three of the above elements are met with regard to the first issue raised by Mr. Beyer in this appeal. This Court issued a mandate in the first action, making this Court's judgment final and enforceable; Mr. Beyer and Ms. Beyer are the parties in both actions; and Mr. Beyer is attempting to relitigate the same issue—the percentage of retirement benefits awarded to Ms. Beyer—already addressed by this Court's mandate. Accordingly, the doctrine of res judicata bars relitigation of this issue. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)

(final judgment is one that disposes of all parties and claims); *Cook*, 733 S.W.2d at 139-40.  We therefore overrule Mr. Beyer's first issue.

### *Cost of Maintaining Ms. Beyer's Beneficiary Status under the SBP*

In his second issue, Mr. Beyer argues that the trial court erred in including a provision in the amended order that made Mr. Beyer responsible for the costs associated with maintaining Ms. Beyer's beneficiary status under the SBP.  However, Mr. Beyer did not object to this language at the hearing in the trial court, nor did he mention the issue at any time during the hearing.  Instead, the following exchange occurred regarding the substance of the proposed orders:

| | |
|---|---|
| Ms. Beyer's Counsel: | Here are my proposed orders, which I've presented to counsel months ago.  And the only objection was to the amount of the percentage, but I think the mandate is clear and it is res adjudicata [sic]. |
| The Court: | Where is the mandate, could you show it to me[?] |
| Ms. Beyer's Counsel: | Yes, I have the mandate. |
| The Court: | As long as—do you agree that this goes along with the mandate or do you agree with that, the percentage the Court of Appeals told us? |
| Mr. Beyer's Counsel: | Yes, Judge, I do.  But I believe that that is wrong and I would ask that you allow me to present evidence for an offer of proof. |

The trial court allowed Mr. Beyer's counsel to make an offer of proof, during which Mr. Beyer testified only regarding the issue of the percentage of military benefits awarded to Ms. Beyer.  At no point in the hearing did Mr. Beyer mention the issue of the cost of maintaining

Ms. Beyer's beneficiary status under the SBP. Because Mr. Beyer made no objection in the trial court and did not otherwise present his complaint to the trial court to obtain a ruling, he waived the issue and cannot properly raise it for the first time on appeal. *See* Tex. R. App. P. 33.1(a) (requiring party to make timely request, objection, or motion; state grounds for it; and obtain ruling in order to preserve error for appellate review); *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 647 (Tex. 1989). Accordingly, we overrule Mr. Beyer's second issue.

## CONCLUSION

Having overruled both of Mr. Beyer's issues, we affirm the trial court's orders.

_____
Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: October 22, 2015