**REVERSE and RENDER and Opinion Filed April 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00269-CV**
_____

**HAL HAWKINS, Appellant**
**V.**
**MATTHEW T. KNOBBE, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08280**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Hal Hawkins appeals the trial court's order granting Matthew T. Knobbe's application for supplemental attorney's fees following the trial court's prior judgment dismissing Hawkins' underlying lawsuit and this Court's opinion affirming the trial court's judgment. In four issues, Hawkins makes the related arguments that the trial court erred in awarding Knobbe additional attorney's fees because the trial court lacked jurisdiction over Knobbe's application for additional fees, an award of "conditional" attorney's fees was improper because no conditional fees were originally requested or granted, the requested fees were not actually incurred in defending the suit, and the additional fees violate the Texas Citizens

Participation Act (TCPA) because they are punitive rather than a deterrent. We reverse the trial court's March 16, 2021 order granting Knobbe's supplemental application for attorney's fees, costs, and expenses and render judgment that Knobbe take nothing on these claims.

In January 2020, the trial court dismissed Hawkins' claims in the underlying suit pursuant to a motion to dismiss under the TCPA. On January 21, 2020, Knobbe filed an application for "an award of attorney's fees, court costs, other expenses, and sanctions." Knobbe did not request attorney's fees that might be associated with an appeal from the trial court's judgment. On February 17, 2020, the trial court signed an order awarding Knobbe costs and expenses, $18,725 in attorney's fees, and $1500 as a sanction; the order also did not refer to appellate attorney's fees. Hawkins appealed. In a December 28, 2020 opinion, a panel of this Court affirmed the trial court's order dismissing the case.[1] As Knobbe points out, this Court's judgment "ordered Knobbe to recover his costs of this appeal from Hawkins."

On January 11, 2021, Knobbe filed in the trial court his supplemental application for fees, costs, and expenses seeking "his attorney's fees, court costs, and other expenses incurred in this case" after the trial court's February 17, 2020 order. On March 16, 2021, the trial court entered an order awarding Knobbe

---

[1] *Hawkins v Knobbe*, 05-20-00224-CV 2020 WL 7693111 (Tex. App.—Dallas December 28, 2020, pet. denied).

"$10,887 in attorney's fees, costs and expenses" and certain additional expenses if Hawkins pursued an appeal. This appeal followed.

In his first issue, Hawkins argues the trial court erred in awarding additional fees because it did not have jurisdiction to make such an award. We agree.

The trial court signed its final, appealable order in this case on February 17, 2020, and Hawkins filed his notice of appeal the next day. If, as in this case, no motion for new trial is filed, a trial court loses jurisdiction to act in a case thirty days after the judgment becomes final. *See* TEX. R. CIV. P. 329b(d). When a case is appealed and the trial court loses plenary power, the trial court retains continuing jurisdiction only to order or modify the amount or type of security, to suspend execution of the judgment, or to correct clerical mistakes in the judgment. *See* TEX. R. APP. P. 24.3; TEX. R. CIV. P. 316. Once it lost its plenary power over the issue, the trial court no longer had jurisdiction to award attorney's fees. *See Harris Cty. Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Moreover, this Court's judgment ordering Knobbe to recover his "costs of this appeal" from Hawkins did not confer upon the trial court the power to award, as costs, appellate attorney's fees. *Id.* at 177–78 (attorney's fees on appeal are not costs on appeal). We conclude the trial court lacked jurisdiction to award Knobbe appellate attorney's fees in January 2021, more than a year after its final order in the underlying case. *See id.* We sustain Hawkins' first issue.

Because of our disposition of Hawkins' first issue, we need not address Hawkins' remaining issues.

We reverse the trial court's order awarding Knobbe $10,887 in attorney's fees, costs and expenses and render judgment that Knobbe take nothing on his claim for additional attorney's fees.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210269F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HAL HAWKINS, Appellant

No. 05-21-00269-CV     V.

MATTHEW T. KNOBBE, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-08280. Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Reichek participating.

In accordance with this Court's opinion of this date, the trial court's March 16, 2021 order granting Matthew T. Knobbe's supplemental application for attorney's fees, costs, and expenses is **REVERSED** and judgment is **RENDERED** that:

Matthew T. Knobbe take nothing on his claims for supplemental attorney's fees, costs, and expenses.

It is **ORDERED** that appellant HAL HAWKINS recover his costs of this appeal from appellee MATTHEW T. KNOBBE.

Judgment entered this 20th day of April 2022.