**HARRIS COUNTY CHILDREN PROTECTIVE SERVICES,**
Appellant,

v.

**Ronald RICHKER, Michael Stocker, Arthur Lim, and Rebecca Gail Carroll a.k.a. Melton, Appellees.**

No. 14–98–00500–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 23, 1999.

---

Sandra D. Hachem, Houston, for appellants.

Arthur Lim, Michael A. Stocker, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

FOWLER, Justice.

Harris County Children Protective Services (HCCPS) appeals from the trial court's judgment which, among other things, refused to terminate the parental rights of Rebecca Gail Carroll and awarded attorneys' fees to the attorneys ad litem who represented her children and their fathers. In eight points of error, HCCPS contends (1) the trial court erred in ordering it to pay attorneys' fees when there was no evidence and/or insufficient evidence that Carroll was indigent; (2) the trial court erred in ordering HCCPS to pay attorneys' fees when there was no evidence and/or insufficient evidence to support the order; (3) the trial court erred in ordering Carroll to reimburse Harris County for ad litem fees; and (4) HCCPS was entitled to sovereign immunity from liability for the attorneys' fees. We re-

verse and remand because HCCPS is entitled to sovereign immunity.

HCCPS and Harris County sued to terminate the parental rights of Carroll and the known and unknown fathers of her children. The fathers and children were represented by court-appointed attorneys ad litem. *See* TEX. FAM.CODE ANN. § 107.012 (Vernon 1996) (requiring appointment of attorney ad litem to represent the child in a suit requesting termination of parent-child relationship); TEX. FAM.CODE ANN. § 107.013 (Vernon Supp. 1998) (requiring appointment of an attorney ad litem to represent a parent served by citation by publication and unknown fathers in a suit requesting termination of a parent-child relationship). The trial court denied the request to terminate Carroll's rights but terminated the parental rights of the fathers. It also ordered Harris County to pay attorneys' fees to the attorneys ad litem but required Carroll to reimburse a portion of those fees. Harris County and HCCPS filed a motion to modify the judgment, arguing that Harris County could not be liable for these fees. The trial court modified the decree to require HCCPS to pay the fees rather than Harris County.

■ We review the trial court's order regarding the payment of attorney ad litem fees for an abuse of discretion. *See Hirczy v. Hirczy*, 838 S.W.2d 783, 787 (Tex.App.—Corpus Christi 1992, writ denied). In its first, second, and third points of error, HCCPS contends the trial court erred in ordering it to pay attorneys' fees to the attorneys ad litem when there was no evidence that Carroll was indigent. The motion to modify the judgment, however, only preserved this issue as to Harris County. Although the trial court responded to the motion by modifying the judgment to require HCCPS to pay the fees, HCCPS did not thereafter file any documents objecting to the requirement. Consequently, these points of error are waived. *See* TEX.R.APP. P. 33.1(a).

■ In its eighth point of error, HCCPS contends it was entitled to sovereign immunity from liability for the attorneys' fees awarded to the attorneys ad litem. Whether HCCPS is entitled to sovereign immunity is a question of law, which we review de novo. *See Harris County v. Louvier*, 956 S.W.2d 106, 107 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *City of El Paso v. W.E.B. Inv.*, 950 S.W.2d 166, 169 (Tex.App.—El Paso 1997, pet. denied). Generally, the State of Texas and its agencies cannot be liable for damages absent legislative consent to sue the state. *See Federal Sign v. Texas So. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). This rule has been applied to preclude liability for attorney fees. *See, e.g., Alcorn v. Vaksman*, 877 S.W.2d 390, 406 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Any waiver of sovereign immunity must be by clear and unambiguous language. *See id.*

■ Section 107.015(a) of the Family Code states: "An attorney appointed to represent a child or parent as authorized by this subchapter is entitled to a reasonable fee in the amount set by the court to be paid by the parents of the child unless the parents are indigent." TEX. FAM.CODE ANN. § 107.015(a) (Vernon 1996). However, if the indigency of the parents is shown, the attorneys' fees "shall be paid from the general funds of the county according to the fee schedule that applies to an attorney appointed to represent a child...." *Id.* § 107.015(c). This statute clearly waives immunity for the county.

■ The next issue, then, is whether HCCPS is an arm of the county. In *Stem v. Ahearn*, the Fifth Circuit held that, for immunity purposes, HCCPS is considered an arm of the State rather than an arm of the county. *See* 908 F.2d 1, 4–5 (5th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991). Further, the Texas Human Resource Code states that HCCPS has the powers and duties of a child welfare board under section 264.005 of the Family Code. *See* TEX.

HUM. RES.CODE ANN. § 152.1073(b) (Vernon Supp.1999). This section of the Family Code states that a county welfare board is an entity of the state for various purposes. *See* TEX. FAM.CODE ANN. § 264.005 (Vernon 1996).[1]

We hold that HCCPS is an arm of the state and not the county, and therefore, Section 107.015(c) of the Family Code is not a clear waiver of immunity as to HCCPS. As no other statute purports to waive immunity for HCCPS, we hold that HCCPS is entitled to sovereign immunity, and we sustain HCCPS's eighth point of error.

█ In its seventh point of error, HCCPS contends the trial court erred in ordering Carroll to reimburse Harris County for a portion of the ad litem fees. This order was contained in the trial court's initial decree, but the trial court's subsequent modification of that decree did not require Carroll to reimburse either Harris County or HCCPS. Assuming the trial court intended to retain the reimbursement requirement from its initial decree but to substitute HCCPS as the reimbursement beneficiary, we hold that, because HCCPS is entitled to sovereign immunity, this point of error is moot. Further, our resolution of point of error eight is dispositive of all other matters raised in HCCPS's brief; therefore, we need not address the remaining points of error.

We reverse the judgment of the trial court. However, with the issuance of this opinion, no entity is responsible for the ad litem fees. We therefore remand this matter to the trial court to determine Carroll's indigence and enter an order in accordance with Texas Family Code § 107.015(c).

1. "A county child welfare board is an entity of the [Texas Department of Human Services] for purposes of providing coordinated state and local public welfare services for children and their families and for coordinated use of federal, state, and local funds for these services." TEX. FAM.CODE ANN. § 264.005(d) (Vernon 1996).