**HARRIS COUNTY CHILDREN'S PROTECTIVE SERVICES, Appellant,**

v.

**Diana OLVERA and Jane S. Thies, Appellees.**

**No. 14–01–00818–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 2002.

---

Sandra D. Hachem, Houston, for appellants.

R. Scott Shearer, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

### OPINION

JOHN S. ANDERSON, Justice.

Appellant, Harris County Children's Protective Services (CPS), appeals an order, rendered on remand, which awarded the following attorneys' fees to be taxed as costs: $17,554.00 plus interest at the rate of 10 percent from March 1, 2000; $5,000 if CPS appealed the order to the court of appeals; $5,000 if CPS appealed to the supreme court; and $5,000 if a mandamus were required to collect the fees. The order provided payment was to be made to appellees, attorneys ad litem Diana Olvera and Jane S. Thies, directly by payment made out to their attorney, R. Scott Shearer.[1] We reverse and render judgment that appellees take nothing.

---

1. Jane S. Thies' name is spelled both "Thies" and "Theis" in the record. We use the for-

## I.

### Procedural Background

This case is before the court for the third time. The prior two appeals stemmed from the trial court's award of ad litem attorneys' fees for services performed in a divorce/custody case between Cathy Lynn Walker and James Bryan Walker in which CPS intervened. The first appeal involved a judgment awarding ad litem attorneys' fees in the Walker divorce for services performed by Thies as attorney ad litem for the Walker children and for services performed by Olvera as attorney ad litem for James Walker, who had been served by publication under Texas Rule of Civil Procedure 244. The judgment awarded a specific amount of ad litem attorneys' fees for trial, and awarded fees for the appeal, but did not set a specific amount for the appellate fees. CPS appealed, contending the trial court abused its discretion when it determined the Walkers were indigent and when it awarded allegedly unreasonable and excessive ad litem attorneys' fees to Olvera and Thies. In an unpublished opinion, this court affirmed the trial court's judgment and did not remand any issues to the trial court. After the mandate issued, the trial court set the amount of the attorneys' fees for the first appeal.

■ The second appeal involved the ad litem attorneys' fees the trial court, after this court issued its mandate, awarded

Olvera and Thies for work performed as ad litem attorneys on the first appeal. This court reversed the part of the judgment awarding appellate fees, holding the trial court did not have jurisdiction to award the fees because the trial court had lost plenary power over the case and the mandate awarding "costs" in the first appeal did not authorize the trial court to award appellate attorneys' fees.[2] *Harris County Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 178 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). In addition, this court remanded the case, stating:

> [E]ven though Olvera and Thies have not made a request to this Court to remand the case to the trial court for it to award *their* fees on *this* appeal, we remand this issue to the trial judge for her to set those fees, if there are any, which will be taxed as costs in the case.

*Id.* (first emphasis added). The corrected mandate in the second appeal read, in part: "[W]e **REMAND** this case to the trial court to hold a hearing to allow Diana Olvera and Jane S. Thies to prove up any attorneys' fees they have incurred in this second appeal."[3]

On remand, Olvera, Thies, and Shearer then filed a verified motion for costs and bill of costs. In the motion, they alleged the bill of costs reflected that the "necessary and reasonable fees" for Olvera's, Thies', and Shearer's services amounted to

mer spelling in this opinion.

2. This court's opinion in the second appeal set out the procedure to be followed by an attorney ad litem seeking an award of attorneys' fees incurred on appeal. First, the attorney ad litem should request the trial court to award her appellate fees. Second, she should include a prayer for appellate fees in her brief on appeal. Third, she should specifically request the appellate court to remand that issue to the trial court for a hearing and an award. *Olvera*, 971 S.W.2d at 176. By

following this procedure, the trial court would regain jurisdiction through the remand, thus permitting it to set the appellate fees for the attorney ad litem. Olvera and Thies never requested this court to remand the issue of appellate attorneys' fees in either the first or the second appeal.

3. A "corrected" judgment and mandate were issued when this court withdrew its original opinion and issued a new one in its place.

$17,574.62. They further requested the court to order CPS and the Texas Department of Protective and Regulatory Services (TDPRS) to be jointly and severally liable for the fees. CPS responded, arguing (1) given the language of the opinion, the trial court did not have jurisdiction to consider a motion by Shearer to prove attorneys' fees; (2) CPS and TDPRS were entitled to sovereign immunity; and (3) the request for fees was unauthorized and exceeded statutory authority.

The trial court conducted a hearing at which Olvera, Thies, and Shearer testified. Shearer testified he was "requesting the Court to reimburse Ms. Thies and Ms. Olvera what would be their cost on appeal, 113.5 hours times a hundred and fifty which was $17,025 for the appellate work plus our individual and Court time as well as our cost [sic]." When questioned by the court, Shearer clarified, "for the appellate work it was $17,025. That's out-of-court time. In Court time it was $325.... And our expenses $224.62." Shearer also testified he anticipated CPS would appeal the case again, and the estimated costs in the third appeal would be $5,000 for the appeal, and "probably another $5,000 for the petition for review." Shearer estimated an additional $5,000 for an anticipated mandamus to collect the fees the court of appeals would award. Olvera and Thies testified they would pay their shares of the award to Shearer and would receive nothing themselves.

The trial court found "the reasonable, necessary, usual and customary fees required to reimburse [Olvera and Thies] for defending against CPS's appeal" to be $17,554.00. The court also found this amount would be the same amount required for reimbursement regardless of whether the actual work had been performed by Olvera and Thies, their attorney Shearer, or any combination of the three.

The court then ordered CPS to pay the $17,554.00 plus interest at the rate of 10 percent from March 1, 2000 to Olvera and Thies, "[s]aid amount [to] be paid directly" to Olvera and Thies "by payment made out to their attorney" Shearer. The court further ordered $5,000 if CPS appealed the order to the court of appeals, $5,000 if CPS appealed to the supreme court, and $5,000 if a mandamus were required to collect the fee, also to be paid directly to Olvera and Thies by payment made out to Shearer. The trial court subsequently filed findings of fact and conclusions of law in support of the judgment.

## II.

### Standard of Review and Threshold Issue Presented

In this appeal, CPS challenges the award of attorneys' fees for work on the second appeal and anticipated future work. We review the trial court's order regarding the payment of attorney ad litem fees for an abuse of discretion. *Harris County Children Protective Servs. v. Richker*, 2 S.W.3d 741, 743 (Tex.App.-Houston [14th Dist.] 1999, no pet). The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles, that is, whether the act was arbitrary or unreasonable. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex.App.-Houston [14th Dist.] 2001, no pet). When a case is remanded to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court mandate. *Kahn v. Seely*, 37 S.W.3d 86, 88 (Tex.App.-San Antonio 2000, no pet.).

CPS raises ten issues directed at the trial court's exercise of discretion. In issue one, CPS questions whether the opinion and corrected mandate in the second appeal conferred jurisdiction on the

trial court to award fees for work done by Shearer.[4] Resolution of this threshold issue requires this court to answer the question of whether the scope of the remand by this court in the second appeal encompassed an award of fees to these two attorneys ad litem solely for work by another attorney during the appellate process defending those fees from challenges by CPS, when no issues were raised on appeal related to the parties for whom those attorneys ad litem were appointed. We conclude the answer to this question is no.

## III.

### Scope of Jurisdiction Under the Remand

CPS argues the trial court lacked jurisdiction under this court's remand to enter a judgment in favor of Olvera and Thies by payment to Shearer of his fees for work done on the second appeal. The corrected mandate in the second appeal provides, "we [remand] this case to the trial court to hold a hearing to allow Diana Olvera and Jane S. Thies to prove up any attorneys' fees they have incurred in this second appeal."

█ In interpreting the mandate of an appellate court, we look not only to the mandate itself, but also to the court's opinion. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). In the opinion, this court initially indicated it was remanding the case to the trial court for the judge "to

award the ad litems *their* fees on appeal." *Olvera,* 971 S.W.2d at 173 (emphasis added). Shearer is never mentioned in the opinion, judgment, or mandate.[5] In conclusion, this court stated, "even though Olvera and Thies have not made a request to this Court to remand the case to the trial court for it to award **their** fees on *this* appeal, we remand this issue to the trial judge for her to set **those** fees, **if there are any,** which will be taxed as costs in the case." *Id.* at 178 (bolding added). Use of "their" fees, and the virtually immediate reference to "those" fees indicates this court was referring to Olvera's and Thies' fees. This conclusion is reinforced by the language ("if there are any") acknowledging Olvera and Thies may not have been entitled to any fees.

█ Additionally, an award of fees to Shearer is not supported by the Family Code or the case on which this court relied in the prior appeal: *Cahill v. Lyda,* 826 S.W.2d 932 (Tex.1992). The role of an attorney ad litem is, like every attorney, to pursue, protect, and defend the interests of his or her client. Here, Diana Olvera and Jane S. Thies were assigned to represent James Walker and his minor children, respectively, both at trial and, if necessary, on appeal. *See Cahill,* 826 S.W.2d at 933. Moreover, Olvera and Thies were entitled to receive reasonable fees and expenses, as determined by the trial court, to compensate them for their services. *See* TEX. FAM.

---

**4.** In issue two, CPS raises essentially the same issue in the form of a challenge to the trial court's first conclusion of law, which dealt with the trial court's authority to conduct a hearing to determine fees. In issue three, CPS contends it is entitled to sovereign immunity from the fees and post judgment interest. In issues four through seven, CPS challenges the legal sufficiency of the evidence to support certain findings of fact and also contends some of the factual findings contain erroneous conclusions of law. In is-

sues eight through ten, CPS challenges the trial court's second through fourth conclusions of law.

**5.** The absence of Shearer's name from the remand language in the opinion, judgment, and mandate stems, in our view, from the failure of Olvera and Thies to specifically request, in their brief to this court in the second appeal, a remand for consideration of the fees charged by Shearer.

CODE ANN. § 107.015(a) (Vernon Supp. 2002). At the close of the proceedings, the trial court awarded $3,525.00 to Olvera and $3,037.50 to Thies.

In the first appeal, Harris County Children's Protective Services urged this Court to hold (1) the trial court erred in finding James Walker indigent; and (2) the amounts awarded to Olvera and Thies were unreasonable and excessive.[6] As the attorney ad litem for Walker, Olvera had a nondelegable duty to *personally* defend Walker's interests on appeal, namely, to defend his status as an indigent. However, as to the second issue, neither Walker nor his minor children had any arguable interest in the controversy. Thus, Olvera and Thies could not incur attorney ad litem fees and expenses defending their own interests, namely, the reasonableness of their fees. Moreover, Olvera and Thies made no request for attorneys' fees incurred during the first appeal, and this Court did not, *sua sponte*, authorize the award of any appellate attorneys' fees. This Court simply affirmed the trial court's judgment; it did not remand the cause to the trial court or reinvest the trial court with jurisdiction to award additional attorneys' fees. Nevertheless, the trial court, acting without jurisdiction, subsequently awarded additional attorneys' fees for the first appeal.

■ In the second appeal, HCCPS brought eight points of error challenging the trial court's authority to award additional attorneys' fees for Olvera and Thies. This Court held the trial court had no jurisdiction to award the additional fees, and we reversed the trial court's order awarding appellate attorneys' fees to Olvera and Thies. HCCPS, therefore, was the prevailing party in the second appeal. Because Olvera and Thies were not the prevailing parties, they certainly could not be awarded *their* appellate attorneys' fees. However, as the Supreme Court made clear in *Cahill,* if an attorney ad litem *represents the interests of his client* on appeal, he is entitled to compensation without regard to the success of the appeal. *Cahill,* 826 S.W.2d at 933. Thus, in an abundance of caution, this Court remanded the cause to the trial court to award Olvera and Thies any attorney ad litem fees they may have incurred on behalf of their clients by reason of the second appeal. *Olvera,* 971 S.W.2d at 178. Of course, Walker and his minor children had no perceivable interest in the litigation, and this Court expressed its skepticism that any attorney ad litem fees could legitimately have been incurred during the second appeal by specifically stating that the trial court was authorized to award ad litem fees only *"if there are any." Id.* (emphasis added).

On remand, the trial court awarded $17,554.00 to Olvera and Thies for fees incurred by them when they retained an attorney to defend, in the second appeal, the award of attorneys' fees generated during the first appeal. However, there is nothing in the record to suggest that any portion of these fees were awarded for services promoting *the interests of the ad litem clients.* Under the parameters of our remand, the trial court was only authorized to award attorneys' fees to Olvera and Thies for services, if any, directly performed by them on behalf of Walker and/or his minor children by reason of the second appeal. The record, however, is devoid of any such evidence; thus, the trial court's award of appellate attorneys' fees fell outside the scope of our remand. Accordingly, the trial court had no jurisdic-

---

**6.** *Harris County Children's Protective Servs. v. Olvera,* No. 14–95–00020 CV (Tex.App.-Houston [14th Dist.] July 11, 1996, no pet.) (not designated for publication), 1996 WL 387909.

tion to award attorneys' fees incurred by Olvera and Thies in defense of their own interests.

The corrected mandate from this court did not authorize an award of fees incurred by Shearer. " '[W]hen a case is remanded to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court mandate.' " *Kahn*, 37 S.W.3d at 88 (quoting *V–F Petroleum, Inc. v. A.K. Guthrie Operating Co.*, 792 S.W.2d 508, 510 (Tex.App.-Austin 1990, no writ)). We hold the trial court abused its discretion when it acted outside the scope of the mandate. *See Olvera*, 971 S.W.2d at 176 (holding trial court abused its discretion when its actions went beyond ministerial capacity); *see also Kahn*, 37 S.W.3d at 88 (observing party's request fell outside scope of appellate mandate and was not within trial court's discretion).

## IV.

### Law of the Case

 The appellees, however, contend we resolved the issue of Shearer's payment favorably to the appellees in the previous appeal and, under the law of the case, we must reject CPS's argument. The law of the case doctrine is the principle under which questions of law decided on appeal to a court of last resort govern the case through its subsequent stages. *Hudson*, 711 S.W.2d at 630. Application of this doctrine is flexible and must be left to the discretion of the court and deter-

mined according to the particular circumstances of the case. *Kay v. Sandler*, 704 S.W.2d 430, 433 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). The law of the case doctrine is intended to achieve uniformity of decision and judicial economy and efficiency by narrowing the issues in successive stages of the litigation. *Hudson*, 711 S.W.2d at 630. The doctrine is aimed at putting an end to litigation. *Id.*

 In support of their claim that we decided the issue of Shearer's fees in the second appeal, appellees direct our attention to point of error three in CPS's brief in that appeal. Having sustained CPS's first point of error, however, this court specifically stated it was not addressing the remainder of CPS's points. *Olvera*, 971 S.W.2d at 178. Because this court did not reach the issue of Shearer's fees in the second appeal, law of the case does not govern our analysis of CPS's point of error one.[7]

Appellees also suggest refusal to uphold the award of appellate fees in this case will have a chilling effect on attorney ad litem representation in future cases. This case, however, would not be before us in its present posture if the attorneys ad litem had requested the trial court to award appellate fees for the first appeal before that appeal ensued, had included a prayer for their appellate fees in their appellate brief, and had asked for a remand on that issue during the first appeal. *See note 2, above.*

7. Appellees also argue this court necessarily knew Shearer "assisted" the appellees in the preparation of the two appeals because Shearer was "the signatory" on both briefs. The published opinion shows "Diana Olvera" for appellees. *Olvera*, 971 S.W.2d at 173. Any knowledge this court may have of Shearer's work on the appeal, however, does not trump the jurisdictional limits established by this court's corrected opinion, judgment, and mandate. Indeed, by incorporating the restriction of "if any" on the fees to be awarded Olvera and Thies suggests this court's intent was to specifically restrict the fees to just the fees of the two attorneys ad litem, and exclude any fees for the attorney who had written the brief.

## V.

### Conclusion

We sustain issue one. Because of our disposition of this jurisdictional issue, we need not address the remaining issues. Having found merit in CPS's issue one, we overrule Olvera and Thies's cross point requesting sanctions.

We reverse the order of the trial court and render judgment that Olvera and Thies take nothing as against CPS by payment to Shearer.