Affirmed and Memorandum Opinion filed August 10, 2006








Affirmed and Memorandum Opinion filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00293-CV

_______________

 

GLENN THOMAS, Appellant

 

V.

 

ALLSTATE INSURANCE COMPANY, Appellee

                                                                                                                                               


On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 00-65990A

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Following
a remand to the trial court, this case returns to us for review of a summary
judgment disposing of appellant Glenn Thomas=s remaining claims.   In the first
appeal, we affirmed the trial court=s summary judgment in part, reversed
it in part, and severed and remanded claims under the Texas Insurance Code
alleging Allstate misrepresented the terms and provisions of Thomas=s insurance policy. See Thomas v.
Allstate Ins. Co.,  No. 14‑03‑00879‑CV, 2004 WL 1574542,
at *7B8 (Tex. App.CHouston [14 Dist.] July 15, 2004, no
pet.) (mem op.).  On remand, the trial court granted appellee Allstate
Insurance Company=s motion for summary judgment on Thomas=s misrepresentation claims.  We
conclude that the summary-judgment evidence did not raise a genuine issue of
material fact regarding damages and that the trial court correctly granted
Allstate=s motion for summary judgment on
Thomas=s misrepresentation claims. 
Accordingly, we affirm the trial court=s judgment. 

I.  Factual and Procedural Background

In
September 1999, Glen Thomas purchased an automobile insurance policy from
Allstate.  On April 17, 2000, Thomas collided with an uninsured motorist. 
There is no dispute that the policy was in effect at this time.  Thomas sought
medical treatment, and he filed both personal-injury and property-damage claims
with Allstate.  Allstate presented Thomas with an AAllstate Quality Service Pledge@ (hereinafter AQuality Service Pledge@)  and  the AConsumer Bill of Rights for Personal
Automobile Insurance@ (hereinafter AConsumer Bill of Rights@).  In filing his claims, Thomas
demanded that Allstate pay for his past and future medical expenses, lost
earnings, and pain and suffering in the amount of $52,996.  Thomas submitted
medical records and bills from his treating physicians. 

Although
Allstate paid Thomas=s property-damage claim, it did not pay the personal-injury
claim pending an investigation.  Allstate advised Thomas that it would not pay
the medical expenses until it concluded its investigation and determined
liability.  As part of its investigation, Allstate asked Thomas to sign a
medical and wage authorization giving Allstate permission to order information
it deemed necessary to evaluate Thomas=s claim.  On July 25, 2000, Thomas
wrote Allstate, stating that he would provide information from his treating
physicians, but that Allstate=s medical authorization was Atoo broad and harassing@ in nature.  Allstate suspected that
Thomas=s injures might be pre-existing
injuries, and it sent Thomas a reservation-of-rights letter on September 8,
2000.  In this letter, Allstate directed Thomas to the policy language
obligating Thomas to cooperate with Allstate and provide certain medical
records and other documents. 








A few
months later, on January 17, 2001, Thomas sued Allstate for breach of contract,
violation of Texas Insurance Code articles 21.21 and 21.55,[1]
violation of the Texas Deceptive Trade Practices Act, and breach of the
common-law duty of good faith and fair dealing.  The trial court severed all of
Thomas=s claims, except for his
breach-of-contract and article 21.55[2] claims, into
this case. 

On
September 3, 2002, Thomas=s claims in the nonsevered case proceeded to trial.  On
October 4, 2002, the trial court rendered judgment on the jury=s verdict and awarded Thomas
$4,728.25 in past damages, $5,000 in future damages, and approximately
$2,144.25 in costs.  Although Thomas=s article 21.55 claims were included
in that case, the trial court did not grant Thomas any relief under article
21.55 in its final judgment.  Allstate delivered checks in the amounts stated
in the judgment to Thomas=s attorney on the day the trial court rendered judgment.  








Subsequently,
in this severed case, the trial court granted summary judgment in favor of
Allstate on all of Thomas=s claims.  On July 15, 2004, this court affirmed the trial
court=s judgment as to Thomas=s claims under the Texas Insurance
Code and Texas Deceptive Trade Practices Act that relied on his bad faith
claim, including the claims that were based on a theory of unreasonable delay. 
See Thomas, 2004 WL 1574542, at *7B8.  On the other hand, this court reversed,
severed, and remanded Thomas=s claims under the Texas Insurance Code that Allstate
allegedly misrepresented the terms and provisions of Thomas=s insurance policy.  See id.

On
remand in the trial court, Allstate filed a motion for summary judgment as to 
Thomas=s claims for misrepresentation,
asserting both traditional and no-evidence grounds.  Thomas amended his
petition to add many new claims and allegations. In support of his amended
claims, Thomas asserted that Allstate made misrepresentations to him in
violation of the Texas Insurance Code, the Quality Service Pledge, and the
Consumer Bill of Rights.  In response, Allstate filed a supplement to its
motions for summary judgment.  The trial court granted Allstate=s motion.[3] 
On appeal, Thomas challenges this summary judgment.

II.  Issues Presented 

Thomas
asserts the following issues on appeal:

(1)B(2)           Allstate
violated article 21.21, section 4 of the Texas Insurance Code by failing to
adhere to the Quality Service Pledge and the Consumer Bill of Rights, given to
Thomas at the time Thomas filed his claims with Allstate.

(3)                   Allstate=s verbal misrepresentations, by and through its claims
adjusters, constituted unfair settlement practices and/or misrepresentations in
violation of article 21.21, section 4 of the Texas Insurance Code. 

(4)                   Thomas is entitled to attorney=s fees, eighteen percent penalty interest, and
prejudgment interest under sections 38.001 and 42.003(1) of the Texas Civil
Practice and Remedies Code. 








(5)                   The insurance policy is
ambiguous as to Thomas=s contractual obligations, specifically whether Thomas
was required to procure a judicial determination that he was legally entitled
to under-insured motorist benefits under the policy. 

(6)                   The trial court
erred in granting Allstate=s traditional motion for summary judgment because the
testimony of Allstate=s representatives and expert witness was not clear, direct,
free from contradiction, and susceptible to being easily controverted. 

III.  Summary Judgment Standards of Review

Allstate
asserted both traditional and no-evidence grounds for summary judgment.  See
Tex. R. Civ. P. 166a(c),
(i).  The standard of review for a traditional motion for summary judgment is
whether the successful movant at the trial level carried its burden of showing
that there is no genuine issue of material fact and that judgment should be
granted as a matter of law.  KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant must conclusively
negate at least one essential element of each of the plaintiff=s claims or conclusively establish
each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex.1997).  Under this traditional standard, we take as
true all evidence favorable to the nonmovant, and we make all reasonable
inferences in the nonmovant=s favor.  Dolcefino v. Randolph, 19 S.W.3d 906, 916
(Tex. App.CHouston [14th Dist.] 2000, pet. denied).  If the movant=s motion and summary‑judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  Id. 








In
reviewing a no‑evidence motion for summary judgment, we ascertain whether
the nonmovant pointed out summary‑judgment evidence of probative force to
raise a genuine issue of fact as to the essential elements attacked in the no‑evidence
motion.  Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002).  We take as true all
evidence favorable to the nonmovant, and we make all reasonable inferences
therefrom in the nonmovant's favor.  Dolcefino, 19 S.W.3d at 916.  A no‑evidence
motion for summary judgment must be granted if the party opposing the motion
does not respond with competent summary‑judgment evidence that raises a
genuine issue of material fact.  Id. at 917.  Because the trial court
did not specify the grounds for its ruling, we will affirm if any of the
grounds advanced in the motion has merit.[4] 
See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 

IV.  Analysis

A.        What claims were within the
scope of remand?








Both in
his AFourth Amended Petition@ and in his various arguments, Thomas
appears to be asserting that his claims for unreasonable delay, bad faith,
unfair-settlement practices, and article 21.55 remedies, among others, are
still pending following remand from this court in the first appeal.  This
assertion is not correct.  The only claims that this court remanded to the
trial court were Thomas=s misrepresentation claims under the Texas Insurance Code, in
which AThomas alleged
Allstate made a material untrue statement of fact or law and misrepresented
terms and provisions of his policy.@  Thomas, 2004 WL 1574542, at *7.  This court
did not remand any other claims, including claims under article 21.55, article
21.21, section 4 (a)(10) (ii) and (iv),[5] claims for
unreasonable delay, and bad faith claims.  See id.  Therefore, to the
extent Thomas asserted these claims on remand, the trial court lacked
jurisdiction over them because they were outside the scope of this court=s remand.  See Harris County
Children=s Protective Servs. v. Oilvera, 77 S.W.3d 336, 342B43 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied) (holding that trial court lacked jurisdiction over claim outside scope
of remand). 

B.        Did the trial court err in granting summary
judgment based on the ground that there is no evidence of a misrepresentation
by Allstate that Thomas would receive attorney=s fees and eighteen percent interest if Allstate did
not process and pay his insurance claim promptly?








Consistent
with the scope of remand, Thomas did assert in his live pleading claims that
Allstate misrepresented the terms and provisions of his insurance policy in
violation of article 21.21, section 4(11).[6] 
One of the summary-judgment grounds asserted in Allstate=s motion was that there is no
evidence of a misrepresentation by Allstate.  In one of his allegations, Thomas
asserts that Allstate made a material misrepresentation to him when it stated
that, if Allstate did not process and pay his insurance claim in accordance
with the applicable deadlines, then Thomas would receive eighteen percent
interest and attorney=s fees.  Thomas asserts that (1) Allstate did not comply with
these deadlines, (2) in the trial court=s judgment in the nonsevered case,
the trial court did not award Thomas eighteen percent interest and attorney=s fees, and (3) Allstate refuses to
pay Thomas eighteen percent interest and attorney=s fees, as it allegedly represented
if it failed to meet these deadlines.  

The only
evidence of Allstate=s alleged misrepresentation in this regard is the part of the
Consumer Bill of Rights stating that, if the insurance company fails to meet
the claims processing and payment deadlines, Thomas has Athe right to collect 18% annual
interest and attorney=s fees in addition to [Thomas=s] claim amount.@  The Texas Department of Insurance
adopted the Consumer Bill of Rights and requires insurance companies to provide
policyholders with a copy upon issuance of an insurance policy.  The Consumer
Bill of Rights explains that Texas law gives policy holders certain rights
regarding automobile insurance and identifies the most important of these
rights as well as certain exceptions.  Thomas has not cited, and we have not
found, any Texas cases holding that the required Consumer Bill of Rights
contains representations from the insurer.  Presuming, without deciding, that
the Consumer Bill of Rights contains representations by Allstate, this claim
still fails for several reasons.








First,
because this claim is based on a theory of unreasonable delay, it is not within
the scope of remand.  See Thomas, 2004 WL 1574542, at *7.  Second, even
if this claim were within the scope of remand, the Consumer Bill of Rights does
not state that if Allstate fails to meet the claims-processing and payment
deadlines, Allstate will voluntarily pay Thomas eighteen percent annual
interest and attorney=s fees; rather, the Consumer Bill of Rights states only that,
in these circumstances, Thomas has the right to collect eighteen percent annual
interest and attorney=s fees.  This statement is accurate and, as a matter of law,
is not a misrepresentation.  Thomas claimed that Allstate did not satisfy the
deadlines in Article 21.55 and sought eighteen percent annual interest and
attorney=s fees under this statute.  In a
final judgment in the nonsevered case, the trial court denied Thomas recovery
on this claim.  Furthermore, to the extent Thomas asserts that Allstate
represented that it would voluntarily pay him eighteen percent annual interest
and attorney=s fees if it failed to meet these deadlines, there is no evidence of such
a misrepresentation.  The only alleged evidence of this alleged
misrepresentation is the Consumer Bill of Rights, which does not contain such a
representation.

C.        Did the trial court err in granting summary
judgment based on the ground that there is no evidence of damages?

 To
recover under the Texas Insurance Code claims that are within the scope of
remand, Thomas must prove he sustained actual damages.  Act of May 19, 1995,
74th Leg., R.S., ch. 414, ' 13, 1995 Tex. Gen. Laws 2988, 3000 (stating A[a]ny person who has sustained actual
damages caused by another=s engaging in an act or practice declared in Section 4 of
this Article to be unfair methods of competition or unfair or deceptive acts or
practices in the business of insurance . . . may maintain an action against the
person or persons engaging in such acts or practices@) (repealed and recodified 2003)
(current version at Tex. Ins. Code Ann.
' 541.151) (Vernon Supp. 2005).  One
of Allstate=s summary-judgment grounds was that there is no evidence of damages
caused by Allstate=s alleged misrepresentations.  








Although
Thomas responded to Allstate=s motion for summary judgment with voluminous
summary-judgment proof, the only evidence that Thomas points to as allegedly
raising a genuine issue of fact as to damages are his affidavit and an
affidavit of his former counsel regarding Thomas=s attorney=s fees in asserting his claims. 
Thomas=s affidavit contains conclusory
statements that Thomas suffered damages; these statements do not raise a genuine
issue of material fact precluding summary judgment.  See McIntyre v. Ramirez,
109 S.W.3d 741, 749B50 (Tex. 2003).  The only nonconclusory statements in Thomas=s affidavit relate to his alleged
damages of $972.82 in interest as well as attorney=s fees based on Allstate=s delay in paying his insurance
claims.  As discussed above, claims based on unreasonable delay were not within
the scope of remand, and even if this claim for interest and attorney=s fees were within the scope of
remand, there is no evidence of a misrepresentation for which these items would
be the alleged damages.  Likewise, the  former attorney=s affidavit relates only to Thomas=s claim for attorney=s fees in this regard.  Presuming for
the sake of argument that Thomas raised a fact issue regarding alleged
misrepresentations about the terms and provisions of his insurance policy,
these two affidavits do not raise a genuine fact issue as to damages for any
such claims.  Therefore, as to any such claims, the trial court did not err in
granting Allstate=s no-evidence summary judgment motion.  See Franco v.
Slavonic Mut. Fire Ins. Ass=n, 154 S.W.3d 777, 789 (Tex. App.CHous. (14 Dist.) 2004, no pet.)
(affirming no-evidence ground as to damages for article 21.21 claim).  

                                                              V.
Conclusion 








The scope of remand following the first appeal in this case
was much narrower than Thomas asserts.  Thomas did not raise a genuine issue of
fact as to an alleged misrepresentation within the scope of remand that would
entitle him to recover interest and attorney=s fees based on Allstate=s alleged unreasonable delay in
paying his insurance claim.  Therefore, the trial court did not err in
impliedly granting a no-evidence summary judgment in this regard.  Presuming
for the sake of argument that Thomas raised a fact issue regarding alleged
misrepresentations about the terms and provisions of his insurance policy, the
summary-judgment evidence does not raise a genuine fact issue as to damages for
any such claims.  Therefore, as to any such claims, the trial court did not err
in granting Allstate=s no-evidence summary judgment motion.  Thomas has not cited
any statute that would entitle him to attorney=s fees even in the event he takes
nothing as to his claims under the Texas Insurance Code.  This analysis shows
that the trial court correctly granted summary judgment as to all of Thomas=s claims on remand, regardless of the
other assertions and arguments made by Thomas on appeal.  Therefore, we
overrule all of Thomas=s issues and affirm the trial court=s judgment.

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and
Memorandum Opinion filed August 10, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

 









[1]           Articles 21.21 and 21.55 were repealed and
recodified effective April 1, 2005.  See Act of May 10, 2001, 77th Leg.,
R.S., ch. 290, ' 1, 2001 Tex. Gen. Laws 548, 548B51 (repealed and recodified 2003) (current version at Tex. Ins. Code Ann. '' 541.001B
.454 (Vernon Supp. 2005)); Act of May 27, 1991, 72nd Leg., R.S., ch. 242, ' 11.3, 1991 Tex. Gen. Laws 939, 1043B45 (repealed and recodified 2003) (current version at Tex. Ins. Code Ann. '' 542.051B
.061 (Vernon Supp. 2005)). However, the former articles 21.21 and 21.55 would
be applicable to this case.  Therefore, we will hereafter refer to the
pertinent articles and sections as they were previously codified.

 





[2]           Thomas sought eighteen percent statutory
interest and attorney=s fees under article 21.55 of the Texas Insurance Code
based on Allstate=s alleged failure to promptly process and pay his
insurance claim.





[3]           When the trial court granted summary
judgment, Thomas=s live pleading was his AFourth Amended Petition.@
Although this pleading was filed just three days before the summary-judgment
hearing, the record gives no indication that the trial court refused leave to
file, nor does it contain a motion to strike the amended petition.  Because the
record provides no basis to conclude that the AFourth Amended Petition@ was not
considered by the trial court and because Allstate has not shown surprise or
prejudice, we presume the trial court granted leave of court for Thomas to file
his AFourth Amended Petition.@  See Goswami v. Metro. Sav. & Loan. 751 S.W.2d 487, 490
(Tex. 1988); Wilson v. Korthauer, 21 S.W.3d 573, 577B78 (Tex. App.BHouston
[14th Dist.] 2000, pet. denied).  The trial court=s judgment was nonetheless final because it disposed of all claims and
parties.  





[4]           Before reviewing Thomas=s claims on appeal and the evidence before the trial
court at the time of its ruling, we address Allstate=s motion to strike the appendix to Thomas=s brief.  We cannot consider the materials in this
appendix because they are not in our appellate record and were not presented to
the trial court.  See  Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer,
Inc. 178 S.W.3d 198, 210B11 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  Therefore, we
grant Allstate=s motion to strike the appendix to Thomas=s brief, and we will not consider it in deciding this
appeal.





[5]           This section states as follows:

(10) Unfair
Settlement Practices.  (a) Engaging in any of the following unfair settlement
practices with respect to a claim by an insured or beneficiary:     

. . .

(ii)        failing to attempt in good faith to effectuate a prompt,
fair, equitable settlement of a claim with respect to which the insurer=s liability has been reasonably clear; 

 

. . .

(iv)       failing to provide promptly to a policyholder a reasonable
explanation of the basis in the policy, in relation to the facts or applicable
law, for the insurer=s denial of a claim or for the offer of a compromise
settlement of a claim.





[6]           Thomas asserted claims under article 21.21,
section (4)(11) (c), (d), and (e), which prohibits the following: 

 

(11)      Misrepresentation of Insurance
Policy.  Misrepresenting an insurance policy by: 

. . .

(c)        making a statement in such a
manner as to mislead a reasonably prudent person to a false conclusion of a
material fact; 

(d)        making a material misstatement
of the law; or 

(e)        failing to disclose any matter required by law to be
disclosed, including a failure to make disclosure in accordance with another
provision of this code.

Act of May
10, 2001, 77th Leg., R.S., ch. 290, ' 1,
2001 Tex. Gen. Laws 548, 548B51 (current
version at Tex. Ins. Code Ann. '' 541.001B
454 (Vernon Supp. 2005)).