Affirmed as Modified and Opinion
filed October 21, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00506-CV



 

NELDA GARZA AND DAVID
MARTINEZ, Appellants

V.

JANICE POUNCY SLAUGHTER, Appellee

 



On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2006-71914



 

OPINION

Appellants, Nelda Garza and David Martinez, appeal
from the judgment below, contending that the trial court erred in its
disposition of attorney ad litem fees.  We modify the trial court’s judgment
and affirm the judgment as modified.

I.   Background

In 2001,
appellee, Janice Pouncy Slaughter, inherited certain real estate.  She filed
suit to quiet title, claiming appellants held deeds to the property that were
void.  Appellants were served by publication, and the trial court appointed
Patrick D. Mahoney as appellants’ attorney ad litem.  See Tex. R. Civ.
P. 244 (requiring court to appoint attorney ad litem on behalf of defendants
when service is by publication).  The trial court’s appointment order contained
the following language: “The fees and expenses of the attorney ad litem shall
be paid by the plaintiff and taxed as costs in this case.”  

Slaughter
and Mahoney met to discuss the case, at which time Mahoney demanded Slaughter
advance $5000 for ad litem services.  Slaughter filed a motion requesting that
Mahoney be dismissed and an affidavit of indigency.[1] 
Appellants filed a motion for costs in which they requested that the court (1)
order Slaughter to deposit funds into the court’s registry to cover Mahoney’s
fees, (2) grant Mahoney a lien on the property, or (3) dismiss Mahoney as
attorney ad litem.  The court signed an order denying Slaughter’s motion and
directing her to make periodic payments into the court’s registry “to secure
payment for Ad Litem’s fees at the conclusion of this lawsuit.”

Following
a bench trial,[2]
the court signed a final judgment in which it voided appellants’ deeds and determined
that $7500 was the amount of reasonable and necessary attorney’s fees for
Mahoney’s services. The court did not order any party to pay these fees and did
not assess costs against any party.  Appellants filed motions requesting that
the court increase its determination of reasonable ad litem fees to $11,454.91
and assess the fees as costs to be paid by Slaughter.  Subsequently, the court
signed an amended final judgment in which it assessed $7500 in attorney ad
litem fees as costs but did not specify which party was responsible for paying
costs.  The court also signed an order permitting Slaughter to withdraw the
money she deposited in the court’s registry.  This appeal ensued. 

II.   Analysis

In their
first issue, appellants contend the evidence is legally and factually
insufficient to support the court’s determination of $7500 as reasonable attorney
ad litem fees.  In their second issue, appellants contend the trial court erred
by failing to require Slaughter to pay Mahoney’s ad litem fees.  Appellants
also request that this court award appellate ad litem fees.

In her
brief, Slaughter argues, among other things, that the trial court erred by
ordering her to deposit money into the registry of the court as ad litem fees
and by denying her affidavit of indigency.  She contends the trial court should
have dismissed Mahoney as appellants’ attorney ad litem.  Appellants argue that
we should not consider these issues because Slaughter did not timely file a
notice of appeal.  See Tex. R. App. P. 25.1(c) (providing that a party
may not seek more favorable relief on appeal without perfecting an appeal).  We
agree.  To the extent Slaughter requests more favorable relief than the trial
court awarded, we dismiss her issues.  See Tex. R. App. P. 42.3.

A.   Amount of
Attorney’s Fees

We begin
with appellants’ contention that the evidence is legally and factually
insufficient to support the trial court’s finding of $7500 in reasonable attorney’s
fees.  Appellants filed a motion for new trial in which they argued, “The trial
court erred in awarding $7,500 as the attorney ad litem fee because Plaintiff
did not object to the evidence or offer any rebuttal evidence.”  According to
appellants, there is competent, uncontroverted evidence supporting a finding of
$11,167.91.  We conclude that the trial court did not err in assessing
attorney’s fees in the amount of $7500.

When reviewing the legal sufficiency
of the evidence, we consider the evidence in the light most favorable to the
challenged finding and indulge every reasonable inference that would support
it. City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  We
must credit favorable evidence if a reasonable fact finder could and disregard
contrary evidence unless a reasonable fact finder could not. See id. at
827. We must determine whether the evidence at trial would enable reasonable
and fair-minded people to find the facts at issue. See id. The fact
finder is the only judge of witness credibility and the weight to give to testimony.
 See id. at 819.

When reviewing a challenge to the
factual sufficiency of the evidence, we examine the entire record, considering
both the evidence in favor of, and contrary to, the challenged finding.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  After considering and
weighing all the evidence, we set aside the fact finding only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Id.  The trier of fact is the sole judge of the
credibility of the witnesses and the weight to be given to their
testimony.  GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 615–16
(Tex. App.CHouston [14th Dist.] 2001, pet. denied).  

The amount of compensation awarded to
an attorney ad litem lies within the sound discretion of the trial court, and a
reviewing court will not overturn a fee award absent evidence showing a clear
abuse of discretion.  See Johnson v. Evans, No.
14-08-00610-CV, 2010 WL 431293, at *6 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010,
no pet.) (mem. op.).  A trial court abuses its discretion when it acts
arbitrarily, unreasonably, or without reference to any guiding rules and
principles of law.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241–42 (Tex. 1985).  In making a fee award, a trial court may consider,
among other things, (1) the time and labor involved, (2) the nature and
complexity of the case, (3) the amount of money or value of the property or
interest involved, (4) the extent of the responsibilities assumed by the
attorney, (5) whether the attorney lost other employment because of the
undertaking, (6) the benefits resulting to the client from the services, (7)
the contingency or certainty of compensation, and (8) whether employment is
casual or for an established or constant client.  Alford v. Whaley, 794
S.W.2d 920, 925 (Tex. App.—Houston [1st Dist.] 1990, no writ).

Appellants
argue that the trial court erred in determining that the reasonable amount of
attorney’s fees was less than $11,167.91 because Mahoney provided uncontroverted
testimony supporting this amount.  It is well settled that attorney’s fees are
conclusively proved when the supporting evidence is clear,
direct, positive, and without contradiction from another witness or attendant circumstances,
and such evidence could have easily been controverted.  See Smith v. Patrick
W.Y. Tam Trust, 296 S.W.3d 545, 547–48 (Tex. 2009) (quoting Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990)).  Considering
all the evidence, we conclude there were attendant circumstances weighing
against a determination that $11,167.91 was appellants’ reasonable and
necessary attorney’s fees.

When
describing his firm’s work on this case, Mahoney testified he performed a
diligent search for appellants and explained, “We were prepared to go to trial
last fall and have been reset several times.  I have enumerated the hours.  I have
visited the property. I’ve met with Ms. Slaughter on numerous occasions.  She
sent us discovery, which we responded to and we have helped her get it
coordinated for trial.”  Nevertheless, the legal issues presented to
appellants’ counsel were not complex: the entire case centered on whether a single
signature was authentic.  At trial, appellants subjected Slaughter’s witnesses
to limited cross-examination and presented no evidence except for Mahoney’s
testimony regarding attorney’s fees.  Moreover, appellants filed an attorney’s
fees affidavit to which Mahoney’s itemized billings records were attached.  The
affidavit was not admitted as an exhibit at trial, but the reporter’s record
indicates Mahoney handed a copy of the affidavit to the trial court prior to
his testimony regarding attorney’s fees, he referenced the affidavit during his
testimony, and the trial court stated in its final judgment that it “examined
the file [and] took judicial notice of the usual and customary attorney fees .
. . .”  The trial court had discretion to find that the amounts incurred by appellant’s
counsel were unnecessary or excessive in light of the simplicity of the issues
involved and the results obtained.  See Alford, 794 S.W.2d at 925;
see also Lacy v. First Nat. Bank of Livingston, Tex., 809 S.W.2d 362,
367 (Tex. App.—Beaumont 1991, no writ) (“The trial court may observe the
efforts and work of the lawyers in front of it.”).  Accordingly, we hold that the
evidence is legally and factually sufficient to support the trial court’s determination
that $7500 in attorney’s fees was reasonable and necessary.  We overrule appellants’
first issue.

B.   Assessment of Ad
Litem Fees

In their
second issue, appellants contend the trial court erred by refusing to assess
attorney ad litem’s fees as costs to be paid by Slaughter.  We review the trial
court’s assessment of costs for an abuse of discretion.  See Mitchell v. Bank
of Am., N.A., 156 S.W.3d 622, 630 (Tex. App.—Dallas 2004, pet. denied).  We
may reverse a trial court for abuse of discretion only if, after searching the
record, it is clear the court’s decision was arbitrary and unreasonable.  City
of Houston v. Woods, 138 S.W.3d 574, 580 (Tex. App.—Houston [14th
Dist.] 2004, no pet.).

Texas
Rule of Civil Procedure 131 provides that “[t]he successful party to a
suit shall recover of his adversary all costs incurred therein, except
where otherwise provided.” Tex. R. Civ. P.
131 (emphasis added).  Texas Rule of Civil Procedure 141 permits a trial court,
for good cause stated on the record, to “adjudge the costs otherwise than as
provided by law or [the Rules of Civil Procedure].”  Tex. R. Civ. P. 141. 
Thus, it is the trial court’s responsibility to state on the record good cause
for taxing court costs against the successful party.  Roberts v. Williamson, 111
S.W.3d 113, 124 (Tex. 2003).  

Rule 244
requires a trial court to appoint an attorney ad litem to represent a defendant
who has not appeared after being served by publication and to “allow such
attorney a reasonable fee for his services, to be taxed as part of the costs.” 
Tex. R. Civ. P. 244.  In 1942, the supreme court expressed, 

The fee
allowed for representing . . . a defendant whose place of residence is unknown,
cited by publication, should . . . be taxed against the successful plaintiff,
since no personal judgment can be rendered against the defendant for costs. . .
.  [N]o part of the fee should be taxed against the other defendant or
defendants unless facts or circumstances are shown by the record from which it
clearly appears that he or they should, in fairness, be required to pay part of
all of the fee.  

Bruni v. Vidaurri, 140 Tex. 138, 165–65, 166 S.W.2d
81, 96 (1942).  The supreme court later expressed its disapproval of a court of
appeals’s refusal to award appellate fees to an attorney ad litem as follows: 

An attorney
ad litem cannot as a practical matter recover his fees from his unknown
clients.  Our rules of civil and appellate practice therefore should be read to
provide a reasonable fee and source of payment for the necessary efforts of an
attorney ad litem. . . .  Forcing attorneys to accept court appointment for a contingent
representation . . . would surely frustrate the effective representation of
unknown parties.  On the other hand, sound policy considerations justify
shifting the costs to the known parties.  For example, a plaintiff utilizing
service of citation by publication over unknown defendants cannot prosecute his
or her lawsuit until the court appoints an attorney ad litem for the unknown
parties.

Rhodes v. Cahill, 802 S.W.2d 643, 646–47 (Tex. 1990). 
In Cahill v. Lyda, the supreme court applied Rhodes when it
reversed a portion of a judgment from the court of appeals in which it refused
to award ad litem appellate attorney’s fees and remanded the case to the trial
court to determine the amount of appellate fees “to be taxed as costs and paid
from the proceeds awarded to [all the parties.]”  826 S.W.2d 932, 933 (Tex.
1992) (per curiam).

In the
present case, Mahoney represented appellants with the assumption that Slaughter
would be responsible for his fees.  When the trial court appointed Mahoney,
another order was signed directing Slaughter to deposit funds into the court’s
registry for payment of Slaughter’s ad litem fees at the conclusion of this
litigation.  Pursuant to the order, Slaughter was required to deposit $50 per
month into the court’s registry for this purpose.[3] 
Accordingly, after the trial court signed its original final judgment, this
case was in the following posture: 

·       
appellants’ location was unknown, and
they were presumably unaware of the proceedings;

·       
the trial court ruled that
Slaughter was responsible for ad litem fees; 

·       
Slaughter deposited approximately
$800 into the court’s registry; and

·       
under the original final judgment,
encumbrances were removed from Slaughter’s property, but ad litem fees were not
assessed as costs, and there was no directive regarding party responsibility
for payment of ad litem  fees.  

Appellants filed a motion
to modify the judgment and an amended motion for new trial, requesting that the
trial court assess ad litem fees as costs to be paid by Slaughter.  Slaughter
responded, arguing that (1) Rule 131 prohibits assessment of costs against a
prevailing party absent good cause stated on the record pursuant to Rule 141,
(2) no good cause existed, (3) Mahoney enlarged his fees by intentionally
over-preparing, and (4) Slaughter never agreed, at any point, to pay the ad
litem fees.  Slaughter did not request that the trial court vacate its previous
orders requiring her to pay ad litem fees.

Under
the unusual circumstances of this case, we conclude that the trial court abused
its discretion by refusing to order Slaughter to pay ad litem fees.  Mahoney
relied on the trial court’s previous orders indicating that Slaughter would pay
for his services, and the trial court acted capriciously by disregarding those
orders and leaving Mahoney with an uncollectible bill.  See Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996) (holding that trial
court’s decision to disregard its own order “was arbitrary and capricious and
therefore an abuse of discretion”).  Slaughter argues that ad litem fees should
not be assessed against her because the trial court did not state good cause on
the record for doing so.  See Tex. R. Civ. P. 141.  This is, of course,
true because the trial court did not assess the ad litem fees against
Slaughter.  However, under this record, there is good cause to assess fees
against Slaughter.  In Rhodes, the supreme court expounded in judicial
dictum, “‘[G]ood cause’ for assessing [attorney’s fees] against successful
parties under [Rule] 141” ordinarily exists where an ad litem is appointed to
represent an unknown defendant pursuant to Rule 244.  See Rhodes,
802 S.W.2d 643, 647.[4] 
Additionally, the trial court remedied any over-preparation or over-charges by determining
that the reasonable amount of attorney’s fees was several thousand dollars less
than Mahoney requested. 

Slaughter
contends it is inequitable to require her to pay ad litem fees because she will
be a “victim” twice: first, by the necessity of suing appellants because of
their fraudulent conveyance; second, by the court compelling her to pay
appellants’ attorney’s fees.  Slaughter argues that during 2004, the Court
Rules Committee of the Texas State Bar proposed an amendment to Rule 244 to
“[l]essen the inequity of a successful plaintiff having to pay fees of an
attorney ad litem appointed to represent a defendant served by publication . .
. .”  See 2003–2004 State Bar of Texas Committee Reports, 67 Tex. B.J.
556, 560 (2004).  The committee’s proposed amendment six years ago has not been
implemented by the supreme court.  Although we appreciate Slaughter’s
predicament, a rule protecting successful plaintiffs from liability for ad
litem fees would deter attorneys ad litem from providing meaningful
representation.   Current law reflects the importance of encouraging attorneys
ad litem to represent their unknown clients with zeal.  Moreover, parties in
Slaughter’s position are not helpless financiers of the ad litem’s services;
they may present evidence attacking the reasonableness of the ad litem’s
requested services and fees.  An ad litem is not entitled to recover for
services that were not necessary and charges that were not reasonable.  Accordingly,
we sustain appellant’s second issue.

C.   Ad Litem Fees for
Present Appeal

Finally,
appellants request attorney’s fees for the present appeal.  To be entitled to
appellate attorney’s fees, the ad litem must represent the interests of his
client on appeal—not solely his own interests.  See Harris County Children’s
Protective Servs. v. Olvera, 77 S.W.3d 336, 342 (Tex. App.—Houston [14th
Dist.] 2002, no pet.).

            Slaughter
argues that Mahoney is not entitled to appellate ad litem fees because he does
not represent his client’s interests on appeal.  Mahoney responds that this
appeal concerns appellants’ interests because (1) they will be responsible for
paying the difference between the amount of reasonable attorney’s fees found by
the trial court and the amount actually incurred by Mahoney and (2) he is
seeking assessment of ad litem fees against Slaughter instead of appellants. 
Mahoney cites no source supporting his contention that appellants (who had no contract
with Mahoney or input relative to services he rendered) will be responsible for
paying the $7500 in ad litem fees determined by the trial court and taxed as
costs or the difference between the $7500 assessed and the $11,454.91 Mahoney requested
should they ever be located.  Mahoney’s efforts on appeal to increase the
amount of attorney’s fees and to persuade this court to assess fees as costs to
be paid by Slaughter do not constitute representation of appellants’ interests.
 In addition, in its judgment, the trial court did not tax any costs against
appellants.  Accordingly, we deny Mahoney’s request for appellate attorney ad litem
fees.

III.   Conclusion

We
modify the trial court’s judgment to reflect that Slaughter must pay $7500 ad
litem’s fees assessed as costs, and affirm the judgment as modified. 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.









[1] Slaughter filed her affidavit of indigency during the
course of litigation when service was required under Texas Rule of Civil
Procedure 21.  See Tex. R. Civ. P. 21, 21a; see also Baughman v.
Baughman, 65 S.W.3d 309, 312 (Tex. App.—Waco 2001, pet. denied). 
The affidavit does not contain a certificate of service, nor does anything in
the record indicate that the affidavit was served on appellants.  Furthermore,
there were no hearings or rulings regarding Slaughter’s indigency.  Therefore,
we do not presume the affidavit was served and disregard it for purposes of
this appeal.





[2]
In the time between the trial court’s signing the order requiring Slaughter to
make deposits into the registry and trial, a new judge was elected to the 125th
District Court. 





[3]
Slaughter was ordered in January 2008 to begin depositing $50 into the court’s
registry on the 15th day of each month.  At the March 12, 2009 trial, she
testified that she had deposited $50 into the registry since November 2007. 
Thus, approximately $800 had been deposited.





[4]
The Rhodes court’s statements on the subject of fees for attorneys ad
litem is precedential judicial dicta, as opposed to obiter dicta, because it
was “made very deliberately after mature consideration and for future guidance
in the conduct of litigation.”  Edwards v. Kaye, 9 S.W.3d 310, 314 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied).